IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL INFORMATION |
| | : | NO. 4:11-CR-47-01-HLM |
| RHONDA HOUSER, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY[1]**

The defendant,, by consent, has appeared before me and has entered a plea of guilty to the Information. After cautioning and examining the defendant under oath concerning each of the subjects mentioned in Fed. R. Crim. Pro. 11, I have determined that the guilty plea was knowing and voluntary, and that the plea to the offense charged is supported by an independent basis in fact establishing each of the essential elements of such offense. I have also determined that the defendant has voluntarily and expressly waived the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground.

---

[1] Failure to file written objections to this Report and Recommendation within FOURTEEN (14) DAYS after service of a copy of this Report and Recommendation shall bar an aggrieved party from attacking such report and recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

However, counsel for Ms. Houser stated for the record their belief that defendant could seek to have her conviction and sentence vacated if her husband prevails on Count One of the Indictment in his pending criminal case, United States v. George D. Houser, 4:10-CR-12-01-HLM (N.D. Ga.). Defense counsel's two contentions are as follows. First, should Mr. Houser obtain acquittal under Fed. R. Crim. P. 29 of the charge contained in Count One, then Ms. Houser could seek to have her conviction and sentence vacated. Second, if Mr. Houser is convicted, but convinces an appellate court that this Court's denial of his motion to dismiss Count One of the Indictment was erroneous, then Ms. Houser could seek to have her conviction and sentence vacated. The Assistant United States Attorney responded that defense counsel's first contention had not previously been discussed between the parties, and disagreed that defense counsel's second contention would allow Ms. Houser to obtain the relief she might seek.[2] This Court informed Ms. Houser that these understandings might be incorrect and that she could be bound by the limited waiver of appeal contained in the plea agreement. The defendant understood and nevertheless desired to plead guilty.

---

[2] A full recitation of the parties' positions is contained in the transcript of the change of plea hearing.

I, therefore, **RECOMMEND** that the plea of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly.

**SO ORDERED**, this 15th day of December, 2011.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)